IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| MEDIDEA, LLC )<br>A Michigan Limited Liability Company )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ZIMMER HOLDINGS, INC.; )<br>a Delaware Company; ZIMMER, INC; )<br>a Delaware Company; and ZIMMER US, INC.; )<br>a Delaware Company )<br>)<br>Defendants. )<br>) | Case No. 2:09-CV-258<br><br>TRIAL BY JURY DEMANDED<br><br>Judge T. Ward |

**DEFENDANTS' MOTION TO TRANSFER
VENUE PURSUANT TO 28 U.S.C.§ 1404(a)**

Defendants Zimmer Holdings, Inc., Zimmer Inc., and Zimmer US, Inc. (collectively "Zimmer") hereby move, pursuant to 28 U.S.C. § 1404(a), to transfer this action to the United States District Court for the Northern District of Indiana, or alternatively the Eastern District of Michigan.

**TABLE OF CONTENTS**

I.   INTRODUCTION ...........................................................................................................1

II.  FACTUAL BACKGROUND .........................................................................................2
     A.   MedIdea is a Michigan Corporation with No Relevant Ties to Texas ...................2
     B.   Zimmer is a Delaware Corporation Headquartered in Indiana with No
          Relevant Ties to Texas ............................................................................................3

III. LEGAL STANDARD .....................................................................................................5

IV.  ARGUMENT ...................................................................................................................5
     A.   This Action Could Have Been Brought in the Northern District of Indiana ...........5
     B.   The Private Factors Show that the Northern District of Indiana is More
          Convenient than the Eastern District of Texas .......................................................6
          1.   The Relative Ease of Access To Sources of Proof .......................................6
          2.   The Availability of Compulsory Process to Secure The Attendance
               Of Witnesses .................................................................................................8
          3.   The Cost Of Attendance For Willing Witnesses ..........................................8
          4.   Other Practical Problems That Make A Trial Easy, Expeditious,
               And Inexpensive .........................................................................................10
     C.   The Public Interest Factors Show that the Northern District of Indiana is
          More Convenient than the Eastern District of Texas ...........................................10
          1.   The Administrative Difficulties Flowing From Court Congestion ............10
          2.   The Local Interest In Having Localized Interests Decided At Home ........10
          3.   The Familiarity of the Forum With The Law That Will Govern The
               Case .............................................................................................................11
          4.   The Avoidance of Unnecessary Problems Of Conflict Of Laws Or
               In The Application Of Foreign Law ..........................................................11

V.   CONCLUSION .............................................................................................................11

# TABLE OF AUTHORITIES

**Cases**

*Abstrax, Inc. v. Sun Microsystems, Inc.*,
    2009 WL 2824581, No. 2:07-CV-333 (E.D. Tex. Aug. 28, 2009) ................................ 7, 9

*ATEN Int'l Co. v. Emine Tech. Co.*,
    No. 2:08-cv-253, 2009 WL 1809978 (E.D. of Tex. June 25, 2009) ..................... 7, 8, 9, 10

*Fifth Generation Computer Corp., v. Int'l Bus. Machs. Corp*,
    No. 9:08-CV-205, 2009 WL 398783 (E.D Tex. Feb. 17, 2009) ............................... 8, 9, 11

*In re Genentech, Inc.*,
    566 F.3d 1338 (Fed. Cir. 2009) ............................................................................... passim

*In re TS Tech USA Corp.*,
    551 F.3d 1315 (Fed. Cir. 2008) ............................................................................ 5, 7, 11

*In re Volkswagen of Am., Inc.*,
    545 F.3d 304 (5th Cir. 2008) (*en banc*) ..................................................................... 5, 6, 9

**Statutes**

28 U.S.C. § 1400(b) ........................................................................................................... 6

28 U.S.C. § 1404(a) .................................................................................................... 1, 5, 6

28 U.S.C. §§ 1391(b)-(c) ................................................................................................... 6

**Rules**

Federal Rule of Civil Procedure 45(b)(2)(B) .................................................................... 8

**I.     INTRODUCTION**

Neither of the parties to this lawsuit have any relevant connection to the Eastern District of Texas and therefore, this case should be transferred to a more convenient forum.

The plaintiff, MedIdea, LLC ("MedIdea") is a Michigan company.  All of its identified officers reside in Michigan, and the sole inventor of the patents-in-suit resides and practices medicine in Michigan, the state in which he is licensed.  Further, the prosecuting attorney of the patents-in-suit resides and is licensed to practice law in Michigan.  MedIdea has not developed, manufactured, marketed, or sold any products that embody or are relevant to the patents-in-suit. While MedIdea asserts that it has a principal place of business in Longview, Texas, it does not appear that any MedIdea documents or witnesses relevant to this case are actually located in this District.  If there are documents, they likely are copies of documents that resided elsewhere prior to this litigation.  It does not appear that any significant MedIdea business relevant to this case actually occurs in Longview.  Simply put, MedIdea's relevant contacts are with the state of Michigan, not Texas.

Likewise, Zimmer's relevant contacts are far from this District, in Warsaw, Indiana.  The vast majority of Zimmer's documents and witnesses relevant to this case are located in Indiana, and in fact, to Zimmer's knowledge, very few, if any, of them are located in Texas.

Michigan, where MedIdea is really located, and Indiana, where Zimmer is located, are adjacent Districts.  So while Michigan and Indiana are convenient for both parties, the Eastern District of Texas is convenient for neither.  The bulk of discovery in this case will likely come from the defendant, Zimmer; therefore, this case should be transferred to the Northern District of Indiana.  To alleviate any of MedIdea's concerns about proceeding in Zimmer's "hometown" district, however, Zimmer is also amenable to transfer to the Eastern District of Michigan, MedIdea's "hometown," which would also be more convenient for both parties.

## II.   FACTUAL BACKGROUND

### A.   MedIdea is a Michigan Corporation with No Relevant Ties to Texas

MedIdea has minimal, if any, connection to the Eastern District of Texas. MedIdea is a Michigan limited liability company with a registered office in Ann Arbor, and its only two identified officers are residents of Ann Arbor, Michigan, one of the Divisions of the Eastern District of Michigan. (Doc. No. 13 at ¶ 1; Ex. A). One of these officers, Dr. Michael A. Masini, is the sole inventor of the patents-in-suit. (Doc. Nos. 13-1 to 13-5). Dr. Masini is a longtime resident of the state of Michigan,[1] and is licensed to practice medicine by the state of Michigan, not Texas. (*Compare* Ex. C *with* Ex. D). The other officer, John G. Posa, is the prosecuting attorney of record for all five of the patents-in-suit. (Ex. E). Mr. Posa's law firm is headquartered just over 50 miles east of Dr. Masini, in Troy, Michigan, with an office in Ann Arbor. (*See* Doc. Nos. 13-1 to 13-5; Ex. F). Mr. Posa's law firm has no offices in the state of Texas. (Ex. F). Mr. Posa is a member of the State Bar of Michigan, not Texas. (Ex. G). The work leading up to MedIdea obtaining the patents-in-suit and the documents and witnesses relevant to such work appear to be associated with Michigan, not Texas.

MedIdea purports to have a principal place of business in Longview, Texas. (Doc. No. 13 at ¶ 1). However, the Texas Secretary of State website indicates that MedIdea, LLC is not registered to do business in the State of Texas. (Ex. H). MedIdea has not developed, manufactured, marketed, or sold any products relevant to the patents-in-suit. It is unclear what, if any, relevant business is actually transacted out of MedIdea's Longview address, or whether

---

[1]   A search of the USPTO website indicates that Dr. Masini has been an Ann Arbor, Michigan resident since at least 1995, when U.S. Patent No. 5,571,203, of which he is the inventor, was filed. (*See* Ex. B).

MedIdea conducts any relevant business anywhere in the state of Texas.[2]  Accordingly, it is not apparent that any MedIdea documents or witnesses relevant to this case are actually located in Texas.[3]

### B. Zimmer is a Delaware Corporation Headquartered in Indiana with No Relevant Ties to Texas

Like MedIdea, Zimmer has *de minimus*, if any, connections to the Eastern District of Texas relevant to this case.  Zimmer is headquartered in Warsaw, Indiana, which is where two of the three accused products are manufactured, as well as where the bulk of relevant evidence is located.  (*See* Declaration of Janet L. Krevolin ("Krevolin Decl.") at ¶¶ 7-21).  The vast majority of sales, marketing, and technical documents and witnesses for the accused hip prosthesis product are located there.  (*Id*. at ¶¶ 8, 9, 19, 20).  Similarly, the vast majority of sales, marketing, and technical documents and witnesses for the accused shoulder prosthesis products are located in Indiana as well.  (*Id*. at ¶¶ 12, 13, 16, 17, 19, 20).  While a small number of documents and witnesses relevant to one accused shoulder product are located in Switzerland, where that product is manufactured, the vast majority of evidence and witnesses relevant to this case are located at, or around Warsaw, Indiana.  (*Id*.).  Even more importantly, to Zimmer's knowledge, ***very few, if any, Zimmer documents or witnesses relevant to this case are located anywhere near this District***.  (*Id*. at ¶¶ 10, 14, 18, 21).

---

[2]   Another plaintiff, using the exact same four law firms and almost identical attorneys of record as those in this case, coincidentally has a nearly identical address as a principal place of business. (*Compare* Doc. No. 13 at pp. 1, 6, 7 *with* Ex. I at pp. 1, 13, 14).  Network Backup Corporation identifies as its principal place of business 911 NW Loop 281, Suite 211, Longview, Texas 75604.  MedIdea, LLC, similarly, identifies its principal place of business at 911 NW Loop 281, Suite 211-38, Longview, Texas 75604.  Both companies have the Chicago law firms of Vanek, Vickers & Masini, P.C. and the Law Offices of Eugene M. Cummings, P.C. and the Texas law firms of Capshaw DeRieux, LLP and Parker, Bunt & Ainsworth, P.C. listed on the respective complaints, which were filed roughly a week apart.

[3]   Pursuant to Local Rule CV-26(a), Zimmer will utilize early discovery to confirm what, if any, MedIdea documents, witnesses, or business relevant to this case are located in this District.

Witnesses likely to have relevant knowledge are located in the following places:

| Witness Name | Subject Matter | Location |
|---|---|---|
| Steven Meulink | M/L Taper Hip Technical Witness | Warsaw, Indiana |
| Martin Ma | M/L Taper Hip Marketing Witness | Warsaw, Indiana |
| Martin Ma | M/L Taper Hip Sales Witness | Warsaw, Indiana |
| Peter Wendt | Anatomical Shoulder Fracture System Technical Witness | Winterthur, Switzerland |
| Orsa Britton | Anatomical Shoulder Fracture System Marketing Witness | Warsaw, Indiana |
| Orsa Britton | Anatomical Shoulder Fracture System Sales Witness | Warsaw, Indiana |
| Robert Zink | Trabecular Metal Shoulder Fracture System Technical Witness | Warsaw, Indiana |
| Orsa Britton | Trabecular Metal Shoulder Fracture System Marketing Witness | Warsaw, Indiana |
| Orsa Britton | Trabecular Metal Shoulder Fracture System Sales Witness | Warsaw, Indiana |

Similarly, documents likely to be relevant to this case are located in the following places:

| Subject Matter | Location |
|---|---|
| M/L Taper Hip Technical Documents | Warsaw, Indiana |
| M/L Taper Hip Marketing Documents | Warsaw, Indiana |
| M/L Taper Hip Sales Documents | Warsaw, Indiana |
| Anatomical Shoulder Fracture System Technical Documents | Winterthur, Switzerland and Warsaw, Indiana |
| Anatomical Shoulder Fracture System Marketing Documents | Warsaw, Indiana |
| Anatomical Shoulder Fracture System Sales Documents | Warsaw, Indiana |
| Trabecular Metal Shoulder Fracture System Technical Documents | Warsaw, Indiana |
| Trabecular Metal Shoulder Fracture System Marketing Documents | Warsaw, Indiana |
| Trabecular Metal Shoulder Fracture System Sales Witness | Warsaw, Indiana |

(Krevolin Decl. at ¶¶ 8, 9 12, 13 16, 17, 19, 20).

## III.  LEGAL STANDARD

Pursuant to 28 U.S.C. § 1404(a), a district court can "transfer any civil action to any other district or division where it might have been brought" for the convenience of the parties and in the interest of justice.  28 U.S.C. § 1404(a).  In this Circuit, district courts balance "private" and "public" interest factors to determine whether transfer is appropriate.  *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) (*en banc*).  "The private interest factors are: 1) the relative ease of access to sources of proof;  2)  the availability of compulsory process to secure the attendance of witnesses;  3)  the cost of attendance for willing witnesses; and 4)  all other practical problems that make trial of a case easy, expeditious and inexpensive."  *Id*. (internal quotations omitted).  "The public interest factors are:  1)  the administrative difficulties flowing from court congestion;  2)  the local interest in having localized interests decided at home; 3)  the familiarity of the forum with the law that will govern the case; and  4)  the avoidance of unnecessary problems of conflict of laws or in the application of foreign law."  *Id*.

In balancing the factors, no one factor "can be said to be of dispositive weight."  *Id*. at 315 (citations omitted).  Further, the plaintiff's choice of venue is not to be considered "as a distinct factor in the § 1404(a) analysis."  *In re TS Tech USA Corp.*, 551 F.3d 1315, 1320 (Fed. Cir. 2008) (citations omitted); *see also Volkswagen*, 545 F.3d at 315.  After weighing the private and public interest factors, a motion to transfer should be granted "[w]hen the movant demonstrates that the transferee venue is clearly more convenient."  *Id*.

## IV.  ARGUMENT

### A.  This Action Could Have Been Brought in the Northern District of Indiana

The threshold determination under § 1404(a) "is whether [the] civil action might have been brought in the destination venue."  *Volkswagen*, 545 F.3d at 312 (internal quotations omitted).  "Any civil action for patent infringement may be brought in the judicial district where

the defendant resides." 28 U.S.C. § 1400(b); *see also* 28 U.S.C. §§ 1391(b)-(c) (venue is proper where defendants reside, and a corporate defendant is "deemed to reside in any judicial district in which it is subject to personal jurisdiction"). Given that Zimmer has its headquarters in the Northern District of Indiana, it is a proper venue for this action. While the Northern District of Indiana is the most convenient forum for this case, the Eastern District of Michigan is a more convenient forum than the Eastern District of Texas as well. Indeed, Ann Arbor, Michigan is significantly closer to MedIdea's and Zimmer's headquarters (where the bulk of relevant evidence is located) than the Eastern District of Texas. Zimmer would not oppose a transfer to the Eastern District of Michigan, to dispel any concerns MedIdea may have about pursuing litigation in Zimmer's "hometown" District.

Because the threshold determination is met, the transfer analysis must focus on weighing the private and public interest factors. *Volkswagen*, 545 F.3d at 313. This analysis demonstrates that the Northern District of Indiana is a more convenient forum (as is the Eastern District of Michigan) than the Eastern District of Texas for both parties to this litigation. Indeed, no factor weighs in favor of keeping this case in the Eastern District of Texas.

> **B.    The Private Factors Show that the Northern District of Indiana is More Convenient than the Eastern District of Texas**
>
> > **1.    The Relative Ease of Access To Sources of Proof**

The relative ease of access to documents and witnesses weighs strongly in favor of transfer. As discussed above, the bulk of relevant evidence in Zimmer's control is located in Warsaw, Indiana. *See* Section II.B *supra*. "In patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer. Consequently, the place where the defendant's documents are kept weighs in favor of transfer to that location." *In re Genentech, Inc.*, 566 F.3d 1338, 1345 (Fed. Cir. 2009) (internal quotations omitted). While a small

percentage of relevant evidence related to the accused shoulder products is located in Switzerland, little, if any, relevant Zimmer evidence is located in the Eastern District of Texas.[4] (Krevolin Decl. at ¶¶ 10, 14, 18, 21). Similarly, the inventor of the patents-in-suit, the prosecuting firm, and the corporate owner of the patents-in-suit all reside in Michigan, not Texas. *See* Section II.A *supra*. Since MedIdea does not appear to have ever developed, manufactured, marketed, or sold any products relevant to the patents-in-suit, most, if not all relevant evidence in MedIdea's control—including prosecution history files, inventorship-related documents, and licensing-related documents—likely originated in, and is located far from this District in the state of Michigan.[5]

As a result, proceeding in this District would weigh down both parties with the unnecessary burden of transporting relevant evidence to Texas. MedIdea's willingness to take on this burden is irrelevant to the transfer analysis. *See ATEN Int'l Co. v. Emine Tech. Co.,* No. 2:08-cv-253, 2009 WL 1809978, at *8-9 (E.D. of Tex. June 25, 2009). Therefore, the burden created by the need to transport evidence from Michigan and Indiana to Texas weighs in favor of transfer out of this District. *See Genentech*, 566 F.3d at 1346 (finding in favor of transfer when the defendants would incur a "significant and unnecessary burden" by transporting documents); *see also TS Tech*, 551 F.3d at 1321 (finding that, "[b]ecause all of the physical evidence…and documentary evidence, are far more conveniently located near the [transferee venue], the district court erred in not weighing this factor in favor of transfer"); *Abstrax, Inc. v. Sun Microsystems, Inc.*, 2009 WL 2824581, No. 2:07-CV-333, at *1-2 (E.D. Tex. Aug. 28, 2009) (transferring case

---

[4] Additionally, technical documents maintained in Switzerland that relate to the accused shoulder product have minimal impact on the transfer analysis. *See Genentech*, 566 F.3d at 1346 (finding that documents outside the United States do not weigh against transfer).

[5] To the extent any relevant MedIdea documents are located in this District, they are likely copies of documents that originated elsewhere and were housed elsewhere prior to preparation for this litigation, and they may also still reside elsewhere.

where defendant's manufacturing facility was significantly closer to the transferee forum than to the Eastern District of Texas); *ATEN,* 2009 WL 1809978 at *8-9; *Fifth Generation Computer Corp., v. Int'l Bus. Machs. Corp,* No. 9:08-CV-205, 2009 WL 398783 at *3 (E.D Tex. Feb. 17, 2009).

### 2. The Availability of Compulsory Process to Secure The Attendance Of Witnesses

At this stage in the litigation, the vast majority of the potential witnesses known to Zimmer are parties to the litigation residing in Indiana or Michigan.[6]  Thus, this factor is at least neutral, but certainly, the power of this Court to compel process does not apply to any known witnesses.

### 3. The Cost Of Attendance For Willing Witnesses

The cost of attendance for willing witnesses substantially weighs in favor of transfer.  As is the case with documentary evidence, the vast majority of relevant witnesses with knowledge relating to this litigation are located outside of the District, primarily in Indiana or Michigan.[7] (Krevolin Decl. at ¶¶ 9, 13 ,17, 20).  It "becomes more inconvenient and costly for witnesses to attend trial the further they are away from home." *Genentech*, 566 F.3d at 1343.  Therefore, "[w]hen the distance between an existing venue for trial of a matter and a proposed venue under § 1404(a) is more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled." *Id.*  If the transferor and transferee venue

---

[6] The firm responsible for prosecuting the patents-in-suit may be considered a third-party witness.  While this firm would be within the subpoena power of the Eastern District of Michigan, it is obviously outside the subpoena power of this court.  *See* Fed. R. Civ. P 45(b)(2)(B).  Therefore, this factor weighs slightly in favor of transfer to the extent transfer to the Eastern District of Michigan is considered.  *See Fifth Generation*, 2009 WL 398783 at *4 (considering that prosecuting attorneys of patents-in-suit resided in or near the transferee venue); *ATEN,* 2009 WL 1809978 at *9 (finding that "[t]his factor will weigh more heavily in favor of transfer when more third-party witnesses reside within transferee venue").

[7] The few witnesses located in Switzerland do not impact the transfer analysis.  *ATEN*, 2009 WL 1809978 at *10 (stating witnesses that must travel a significant distance irrespective of the trial location are "discounted for the purposes of the '100-mile' rule analysis).

are more than 100 miles apart, "then a court determines the respective distances between the residences (or workplaces) of all the identified material and relevant witnesses and the transferor and transferee venues." *ATEN*, 2009 WL 1809978 at *10; *see also Volkswagen*, 545 F.3d at 317. Because additional distance "means additional travel time; additional travel time increases the probability for meal and lodging expenses; and additional travel time with overnight stays increases the time which these fact witnesses must be away from their regular employment." *Volkswagen*, 545 F.3d at 317 (internal quotations omitted).

The "100-mile" rule is applicable in this instance because every Division of the Northern District of Indiana is over 800 miles from Marshall, Texas. It "is an obvious conclusion that it is more convenient for witnesses to testify at home." *See Volkswagen* at 317; *see also ATEN*, 2009 WL 1809978 at *10 (indicating "the '100-mile' rule favors transfer [] if the transferee venue is shorter average distance away from witnesses than the transferor venue"). Because all but one of the likely testifying witnesses for Zimmer reside in the Northern District of Indiana, *see* Section II.B *supra*, and because all likely testifying witnesses for MedIdea reside much closer to the Northern District of Indiana than they do to Marshall, Texas, this factor weighs in favor of transfer out of this District. *See Genentech*, 566 F.3d at 1345 ("finding this favor to weigh substantially in favor of transfer "[b]ecause a substantial number of material witnesses reside within the transferee venue…and no witnesses reside within the Eastern District of Texas…"); *Abstrax,* 2009 WL 2824581 at *1-2 (transferring case when there were "a substantial number of material witnesses who reside in the transferee venue and none who reside in the Eastern District of Texas"); *Fifth Generation*, 2009 WL 398783 at *4 (finding in favor of transfer when potential witnesses lived in or near the proposed transferee venue and only a few, if any, lived in the

Eastern District of Texas); *ATEN*, 2009 WL 1809978 at *9-10 (finding this factor to favor transfer, even where one witness is located in Texas).

    **4.    Other Practical Problems That Make A Trial Easy, Expeditious, And Inexpensive**

Transfer out of this District will not create any significant burden or delay. This action is in the preliminary stage as this motion is being filed with Zimmer's Answer, the Initial Case Management Conference has not yet been scheduled, and discovery has not yet begun. There are no other practical problems that would make one forum easier, faster, or cheaper than another forum. Thus, this factor is neutral.

    **C.    The Public Interest Factors Show that the Northern District of Indiana is More Convenient than the Eastern District of Texas**

    **1.    The Administrative Difficulties Flowing From Court Congestion**

"To the extent that court congestion is relevant, the speed with which a case can come to trial and be resolved may be a factor." *Genentech*, 566 F.3d at 1347. The most recent statistics indicate that the average time to termination on the merits for patent cases is 18.9 months across the Northern District of Indiana, compared to 23.5 months in the Marshall Division of the Eastern District of Texas. (*Compare* Ex. J at p. 6 *with* Ex. K at p. 6). As such this factor weighs slightly in favor of transfer out of this District.

    **2.    The Local Interest In Having Localized Interests Decided At Home**

There is no particular local interest that would be served by having this litigation decided in the Eastern District of Texas. The forum that has a localized interest in this case is Indiana, not Texas. As previously discussed, MedIdea is not even registered to do business in Texas. While it purports to have a place of business in this district, it does not appear that any relevant business is actually transacted from this location. What is known is that the vast majority of the witnesses and documents are in Indiana, not Texas.

The fact that a small portion of Zimmer's products are sold in this District does not create a localized interest. When the accused product is "sold throughout the United States . . . the citizens of the Eastern District of Texas have no more or less of a meaningful connection to this case than any other venue." *TS Tech*, 551 F.3d at 1321.

Thus, because both parties, the vast majority of the documentary evidence, and most, if not all, witnesses are located outside of the District, there is no local interest that would be served by having this case decided in the Eastern District of Texas. As a result, this factor weighs in favor of transfer out of this District. *See id*.

### 3. The Familiarity of the Forum With The Law That Will Govern The Case

The district courts in Indiana and Texas are both familiar with and capable of applying federal patent law, thus this factor is neutral. *See id*. at 1320.

### 4. The Avoidance of Unnecessary Problems Of Conflict Of Laws Or In The Application Of Foreign Law

Federal patent law will apply to this infringement action and therefore, there is no conflict of laws. Thus, this factor is neutral. *See Fifth Generation*, 2009 WL 398783 at *6.

## V. CONCLUSION

Considered as a whole, both the public and the private factors weigh in favor of transfer. Indeed, not one factor weighs in favor of keeping this case in the Eastern District of Texas. Almost all, if not all of the parties, witnesses, and documentary evidence are located far from the Eastern District of Texas. Given that Section 1404(a) serves "to prevent waste of time, energy, and money and to protect litigants, witnesses, and the public against unnecessary inconvenience and expense," *Fifth Generation*, 2009 WL 398783 at *2, this court should transfer this action to either the Northern District of Indiana or the Eastern District of Michigan, for the convenience of both MedIdea and Zimmer.

Date:   November 19, 2009                    Respectfully submitted,


                                             */s/ Adam R. Brausa, with permission by*
                                             *Michael E. Jones*
                                             Michael E. Jones
                                             SBN: 10929400
                                             POTTER MINTON PC
                                             110 N. College
                                             Suite 500
                                             P.O. Box 359
                                             Tyler, TX 75710-0359
                                             Telephone:  (930) 597-8311
                                             Facsimile:  (903) 593-0846
                                             Email: mikejones@potterminton.com

*OF COUNSEL*

Bryan S. Hales, P.C. (*pro hac vice*)
Eric D. Hayes (*pro hac vice*)
Adam R. Brausa (*pro hac vice*)
Ferlillia V. Roberson (*pro hac vice*)
Kirkland & Ellis LLP
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:  (312) 862-2000
Facsimile:  (312) 862-2200
Email: byan.hales@kirkland.com
Email: eric.hayes@kirkland.com
Email: adam.brausa@kirkland.com
Email: ferlillia.roberson@kirkland.com

                                             ATTORNEYS FOR DEFENDANTS
                                             ZIMMER HOLDINGS, INC., ZIMMER INC.,
                                             AND ZIMMER US, INC.

**CERTIFICATE OF CONFERENCE PURSUANT TO LOCAL RULE CV-7(I)**

In compliance with the Local Rule CV-7(h), counsel for Zimmer, Eric D. Hayes and Bryan S. Hales, met and conferred on October 29, 2009 about the issues raised by this motion with counsel for MedIdea, Joseph M. Vanek, Eugene M. Cummings, and David M. Mundt. The conference resulted in counsel for MedIdea indicating that MedIdea opposes this motion. Further discussions have been unfruitful, leaving an open issue for this Court.

*/s/ Adam R. Brausa, with permission by Michael E. Jones*
Adam R. Brausa

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on November 19, 2009. Any other counsel of record will be served by First Class U.S. mail on this same date.

*/s/ Michael E. Jones*
Michael E. Jones