IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| MEDIDEA, LLC<br>a Michigan Limited Liability Company | )<br>)<br>)<br>) | |
| Plaintiff, | )<br>) | |
| v. | )<br>) | No.   2:09-CV-258 (TJW) |
| ZIMMER HOLDINGS, INC.;<br>a Delaware Company; ZIMMER, INC.;<br>a Delaware Company; and ZIMMER US,<br>INC.; a Delaware Company | )<br>)<br>)<br>)<br>)<br>) | TRIAL BY JURY DEMANDED |
| Defendants. | ) | |

**MEDIDEA, LLC'S OPPOSITION TO
DEFENDANTS' MOTION TO TRANSFER VENUE**

I.  INTRODUCTION

Zimmer has more ties to Texas and the Eastern District than it lets on. This Court has more ties to this technology than Zimmer discusses. Transfer is not warranted.

Defendants Zimmer Holdings, Inc., Zimmer, Inc. and Zimmer US, Inc. ("collectively referred to herein as "Zimmer") maintain significant contacts with this forum and, therefore, would not be inconvenienced by litigation in this venue. Zimmer has two distributorships in the Eastern District, with three locations in the district (and one of those locations is Longview).[1] Zimmer has a laboratory in Dallas and facilities in Austin. Zimmer's employees in Austin recently numbered in the hundreds, with many engaged in manufacturing. Zimmer has consultant doctors across Texas, with several in the nearby DFW Metroplex, with one perhaps in the Eastern District. Zimmer US, Inc., is registered to do business in Texas. Zimmer's annual report specifically mentions research, development and distribution activities in Texas.

This Court has on its docket another case involving U.S. Patent 7,229,478. MedIdea LLC v. Smith & Nephew, Inc., 2:09-CV-378 (TJW). Maintaining related suits in a single forum has proven to be a "paramount" consideration in venue cases.

MedIdea has no connections to Indiana. Nor, it seems, does Smith & Nephew. Indeed, Smith & Nephew has a pending patent suit in the Eastern District in the field of surgical joint repair and replacement. Smith & Nephew, Inc. v. Arthrex, 2:07-cv335.

Transfer would impose Zimmer's convenience over both MedIdea's convenience and judicial efficiency. Transfer should be denied.

.

---

[1] Zimmer Distributorship locations, as listed on the www.Zimmer.com web site, are located in Richardson, Carrollton, and Longview, Texas. Richardson, Carrollton, and Longview are all within the jurisdiction of the Eastern District.

1

## II. BACKGROUND

### A. The Patents-In-Suit

MedIdea has alleged infringement by Zimmer of seven patents which are the result of pioneering research and development conducted in the fields of, among other areas, (1) proximal femoral prosthesis and (2) the proper positioning of prosthetic shoulder implants. Generally stated, two of the patents-in-suit regard hip prostheses ("Hip Patents") and the remaining five patents-in-suit regard the proper positioning of shoulder implants ("Shoulder Patents").

The Hip Patents regard, among other things, the shape of a hip prosthesis such that a full range of motion is permitted through rotation on X, Y and Z axes. The inventions disclosed by the Hip Patents have been incorporated by Zimmer into its product lines, such as, for example, in Zimmer's M/L Taper Hip Prosthesis with Kinectiv Technology. The Shoulder Patents disclose inventions that provide, among other things, direction for positioning of the shoulder prosthesis through "score marks" on the prosthetic. The inventions disclosed by the Shoulder Patents have been incorporated by Zimmer into its product lines, such as, for example, Zimmer's Anatomical Shoulder Fracture System.

### B. Zimmer Regularly Conducts Business in This Forum And, Therefore, Would Not Be Inconvenienced By Litigation In This Venue.

Zimmer asserts that it has "*de minimus*" connections to the E.D. Tex., but this statement is simply false. *See* Defendants' Motion, p. 3. Indeed, Zimmer markets its products through, among other methods, its web site, www.zimmer.com, which directs users to contact Zimmer sales associates at distributorships in the E.D. Tex. and across the country. The Eastern District distributorships are as follows:

2

**Zimmer Wilson-Phillips, Inc.[2]**

**Richardson Office**
3301 Matrix Drive, Suite 200
Richardson, TX 75082
Toll-free: (800) 444-4547
Tel: (214) 774-0501
Fax: (214) 774-0511
email: zwilsonphillips.dallas@zimmer.com

**Longview Office**
1628 E. Whaley
Longview, TX 75601
Phone: (903) 753-8586
Toll Free: (800) 444-4542
Fax: (903) 757-9839
e-mail: zwilsonphillips.longview@zimmer.com

**Zimmer Papes / Rottino**
4120 International Parkway, Suite 1140
Carrollton, TX 75007
Tel: 214-483-9933
Fax: 214-483-9944

Not only does Zimmer have distributor locations in the E.D. Tex., but such locations necessarily retain the services of in-house and/or consultant doctors that must be knowledgeable of Zimmer products. In fact, the Zimmer Wilson-Phillips distributor web site specifically describes one of the accused products, the M/L Taper Hip Prosthesis with Kinectiv Technology. *See* "Welcome to Zimmer-Wilson/Phillips", attached hereto as "Exhibit A." Moreover, the distributorships are likely the best source of obtaining documents related to Zimmer's sales and ongoing infringement.

In addition to the distributorships listed herein, Zimmer also operates a biologics research plant and a Wet Lab in Texas.[3] *See* "Zimmer – Restoring Lives Worldwide", attached hereto as "Exhibit B"; Map of Zimmer Global Operations, attached hereto as "Exhibit C." Further, as recently as 2005, Zimmer had 550 employees in Texas, 340 of which were involved in manufacturing. *See* "Zimmer Holdings Announces Phase-Out of Austin Facility", attached

---

[2] The parent company for Zimmer Wilson-Phillips, Inc. is Zimmer Holdings, Inc., one of the named Defendants. Also, Zimmer Wilson-Phillips, Inc. is a subsidiary of Zimmer Inc., a named Defendant.

[3] Wet Laboratory space types are defined as laboratories where chemicals, drugs, or other material or biological matter are tested and analyzed requiring water, direct ventilation, and specialized piped utilities. While discovery has not begun for this matter, Zimmer's "Wet Lab" may be used to test its products under specified conditions, as would be necessary to test the durability of prosthetics placed in the human body.

3

hereto as "Exhibit D." Pursuant to the phase-out announced by Zimmer regarding its manufacturing facility, only "[a] small number of manufacturing employees will be offered transfers to other locations." *See* Ex. D. Consequently, there are a great number of potential third-party witnesses in Texas that were involved in Zimmer's manufacturing process.

As previously stated, Zimmer also failed to disclose to the Court that Zimmer US, Inc., a named Defendant in this action, is registered with the Texas Secretary of State. *See* Texas Secretary of State Inquiry for Zimmer US, Inc., attached hereto as "Exhibit E." Moreover, Zimmer's 2008 Annual Report specifically states that Zimmer conducts research, development and distribution of its products in Texas and leases 97,000 square feet in Texas. *See* Zimmer 2008 Annual Report, attached hereto as "Exhibit F." Finally, Zimmer has an extensive list of consultant doctors in Texas, several of which are located in Dallas, Fort Worth, and Addison, Texas. *See* List of Consultant Doctors, attached hereto as "Exhibit G." [4] Without question, Zimmer has much more than *de minimus* contacts with this venue and Texas.

### III.   ARGUMENT

#### A.   Legal Standard

This Court generally recognizes a plaintiff's right to choose a venue and will not disturb that choice absent a showing that convenience and fairness necessitate transfer under the facts of that particular case. *See In re Triton Ltd. Securities Litigation,* 70 F.Supp.2d 678, 688 (E.D. Tex. 1999). Accordingly, the defendant has the burden to show "good cause" that transfer is appropriate. *See In re Volkswagen of America, Inc.*, 545 F.3d at 304, 315 (5th Cir. 2008), ("[I]n order to support its claim for a transfer, [defendant] must satisfy the statutory requirement and

---

[4] Exhibit G was created from a Zimmer document listing 2007 Zimmer consultant doctors (only doctors from Texas were included in Ex. G for ease of reference). The security restrictions of the web site prevented printing or copying but the complete list can be found at the following web address: http://www.zimmer.com/web/enUS/pdf/Company_Consultants1.pdf.

4

*clearly demonstrate* that a transfer is for the convenience of parties and witnesses, in the interest of justice." (emphasis added)). Thus, unless Zimmer establishes that transfer is clearly more convenient, MedIdea's choice of venue must be respected. *Id.*

Zimmer has filed its Motion to Transfer pursuant to 28 U.S.C. § 1404(a), which provides as follows: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Ultimately it is within a district court's sound discretion to transfer venue pursuant to 28 U.S.C. § 1404(a), but the court must exercise its discretion in light of the particular circumstances of the case. *See Hanby v. Shell Oil Co.*, 144 F.Supp.2d 673, 676 (E.D. Tex. 2001); *Mohamed v. Mazda Corp.*, 90 F.Supp.2d 757, 768 (E.D. Tex. 2000). The Supreme Court has noted that § 1404(a) is intended to place discretion in the district court to adjudicate motions to transfer according to an "individualized, case-by-case consideration of convenience and fairness." *See Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29, 108 S.Ct. 2239 (1988); *Van Dusen v. Barrack*, 376 U.S. 612, 622, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964).

The Fifth Circuit has made clear that the first determination a district court must make is whether the claims might have been brought in the suggested transferee district. *See In re Volkswagen*, 545 F.3d at 312-13. The court must then consider and balance the convenience of the parties in both venues. *See id.* at 314-16; *In re TS Tech USA Corp.*, 551 F.3d 1315, 1320 (Fed.Cir. 2008); *see also Bolt v. Toyota Indus. Corp.*, 351 F.Supp.2d 597, 599 (E.D. Tex. 2004). This balancing of conveniences involves examination of several private and public interest factors, none of which has dispositive weight. *See In re Volkswagen*, 545 F.3d at 315.

The Federal Circuit recently held in *In re Volkswagen III* that creation of multiple lawsuits is a "paramount consideration" weighing against transfer. *In re Volkswagen of Am., Inc.*,

5

566 F.3d 1349, 1351 (Fed.Cir.2009). "As the Supreme Court [has] noted ..., '[t]o permit a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to the wastefulness of time, energy and money that § 1404(a) was designed to prevent.' ". *Id.* (*quoting Continental Grain Co. v. The FBL-585*, 364 U.S. 19, 26, 80 S.Ct. 1470, 4 L.Ed.2d 1540 (1960)) (citations omitted).

As discussed herein, Defendants can not satisfy the statutory requirement of *clearly demonstrating* that transfer is for the convenience of parties and witnesses, and in the interest of justice. *In re Volkswagen of America, Inc.*, 545 F.3d at 304, 315. Specifically, because Zimmer regularly conducts business in Texas and, more specifically, the E.D. Tex., the public and private interest factors for analysis of a transfer motion cumulatively weigh against transfer. Indeed, transfer of this case to the N.D. Ind. would merely be trading Plaintiff's desired venue for Defendants' desired venue.

**B.     MedIdea Has No Contacts With The Northern District of Indiana and, Therefore, Plaintiff's Choice Of Forum Should Be Upheld.**

MedIdea has no contacts with the N.D. Ind. and, therefore, MedIdea should not be subject to Defendants' choice of venue. 28 U.S.C. § 1404(a) does not dictate that transfer should occur because a forum is more convenient for Defendant. Instead, setting aside the deference normally given to Plaintiff's choice of venue, the forum to which transfer is desired must be shown to be <u>more convenient for both parties</u>. *See* 28 U.S.C. § 1404(a); *In re Volkswagen of America, Inc.*, 545 F.3d at 312-13; *In re TS Tech USA Corp.*, 551 F.3d at 1320. Further, while Zimmer states that it is amenable to transfer to the Eastern District of Michigan because MedIdea is a Michigan corporation, MedIdea should be permitted its choice of venue. *See* Defendants' Motion, p. 1.

6

Jurisdiction exists in the N.D. Ind. purely due to location of Defendants' headquarters, but Zimmer cannot establish that the private and public factors demonstrate that Indiana is clearly more convenient to the parties and witnesses than this forum. Thus, because Defendants do not dispute that sales of the accused products occur in the E.D. Tex., MedIdea's choice of venue, is entitled to deference and should be upheld. *See* Aloft *Media, LLC v. Adobe Sys.*, 2008 U.S. Dist. LEXIS 23601, *10 (E.D. Tex. Mar. 25, 2008).

C. **The Private Interest Factors Do Not Establish That The Northern District Of Indiana Is More Convenient Than The Eastern District of Texas.**

The private interest factors to be weighed by the Court for analysis of Zimmer's Motion to Transfer include the following: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *In re Volkswagen,* 545 F.3d at 315. None of these factors are dispositive on their own, but as analyzed below, because three of the factors weigh against transfer and only one factor slightly favors transfer, the private interest factors cumulatively weigh against transfer. *Id.*

1. <u>The Relative Ease of Access to Sources of Proof Does Not Favor Transfer.</u>

Zimmer claims that this factor weighs in favor of transfer because the Zimmer documents relevant to this case are located in the N.D. Ind. *See* Defendant's Motion, p. 6. While some documentation may be in Indiana, because Zimmer maintains distributorships, salesmen, and consultant doctors in the Eastern District of Texas, it is very likely that documentation relevant to the function and sales of the accused products is already located in the Eastern District of Texas. *See* Exs. A and G. Additionally, with regard to Plaintiff's documentation relevant to the patents-in-suit, such documents are maintained by Plaintiff in Longview, Texas.

7

Further, "[a]lthough the location of relevant documents is entitled to some weight, modern photocopying technology and electronic storage deprive this issue of practical or legal weight." *A Slice of Pie Productions, LLC v. Wayans Bros. Entertainment*, 392 F.Supp.2d 297, 308 (D.Conn. 2005), citing *Charter Oak Fire Ins. Co. v. Broan-Nutone, L.L.C.*, 294 F.Supp.2d 218, 221 (D. Conn. 2003). Advances in copying technology and information storage affect the access to sources of proof and district courts should consider the actual convenience or inconvenience of accessing sources of proof. *See Aloft Media, LLC v. Adobe Systems Inc*, 2008 WL 819956, at *4 (E.D. Tex. 2008), citing *In re Volkswagen*, 506 F.3d 376, 385 (5th Cir. 2007) ("Volkswagen II").

In contrast to the *In re Volkswagen* case, which involved physical evidence such as the car and the accident site, patent litigation usually involves sources of proof that are readily convertible to an electronic medium. *See Aloft Media*, 2008 WL 819956, at *4, citing *VCode Holdings, Inc. v. Cognex Corp.*, 2007 WL 2238054, at *3 (E.D. Tex. 2007) ("the location of documents is of little consequence since they will almost certainly be produced electronically"). With the volume of documentary evidence associated with a patent case, it is presumed that parties will exchange discovery electronically. *See Aloft Media*, 2008 WL 819956 at *4. As the court in *Aloft Media* explained:

> Any convenience or burden associated with electronic discovery bears little, if any, relation to the physical location of the underlying document. Furthermore, any physical documents that are needed for trial can be shipped just as conveniently to the Eastern District of Texas as the Northern District of California. The same is true of the actual product accused of infringement. The relative ease of access factor is therefore neutral and does not favor transfer to the Northern District of California." *Id.*

Here, because electronic information can be accessed easily, the fact that some documentation is stored in Indiana is not determinative. Moreover, the fact that Zimmer has established distributors of the accused products in the Eastern District of Texas leads to the

8

logical conclusion that product related documentation and sales information is already in the E.D. Tex. Further, Zimmer has not made a showing that retaining the case in this District would hinder or burden their access to MedIdea's sources of proof or create a substantial hardship for them. Hence, as with the *Aloft Media* case, the ease of access is not increased by transfer and therefore, this factor only slightly weighs in favor of transfer.

      2.      <u>The Compulsory Process of Witnesses Does Not Favor Transfer.</u>

This factor regards the Court's ability to compel non-party witnesses to attend trial. A court's subpoena power is subject to Rule 45(c)(3)(A)(ii), which protects non-party witnesses who work or reside more than 100 miles from the courthouse. *See In re Volkswagen*, 545 F.3d at 316. Zimmer has stated that the majority of witnesses known to Zimmer are parties to the litigation and, therefore, "this factor is at least neutral." *See* Defendants' Motion, p. 8.

While this case is at an early stage, to the extent that there are third-party witnesses that would have relevant testimony, MedIdea asserts that such witnesses may be located in Texas. As previously discussed, in 2005, Zimmer had 550 employees in Texas, 340 of which were involved in manufacturing. *See* Ex. D. Pursuant to the phase-out announced by Zimmer regarding this manufacturing facility, only "[a] small number of manufacturing employees will be offered transfers to other locations." *See* Ex. D. Consequently, there are a great number of potential third-party witnesses in Texas that were involved in Zimmer's manufacturing process for the accused products. Further, as of October 2007, Zimmer listed numerous consulting doctors that are located in the E.D. Tex. and the surrounding area. *See* Ex. G. Through discovery, one or many of these doctors may be subpoenaed for deposition as a third-party.

Zimmer stated that it is unaware of any potential third-party witnesses with relevant testimony related to this case. Conversely, Plaintiff has shown that there are knowledgeable

Zimmer consultant doctors and Zimmer ex-employees that may be subpoenaed for deposition in Texas and, therefore, this factor weighs against transfer.

      3.      <u>The Cost of Attendance for Willing Witnesses Does Not Favor Transfer.</u>

Zimmer identifies four of its own employees located in Warsaw, Indiana, as having relevant knowledge: Steven Meulink; Martin Ma; Orsa Britton; and Robert Zink. *See* Defendants' Motion, pp. 4, 8-9. Zimmer does not assert that these witnesses will testify at trial and, further, due to the early stage of discovery, it is unknown which of Defendants' employees Plaintiff will choose to depose. Regardless, any additionally travel burden placed on Zimmer's employee witnesses is not heavy enough to be given substantial weight. As held in *Aloft Media*:

> [T]he additional burden placed on [defendants'] employee witnesses is not heavy enough to be given substantial weight. It is simply not unduly burdensome to require [defendants'] employees to defend allegations of patent infringement in a district and state where it knowingly sells a significant portion of its allegedly infringing products. In the same vein as the personal jurisdiction question that the patent venue statute is tied to, it is reasonable for a defendant to defend against allegations of infringement where the defendant has purposefully availed itself of the benefits and protections of the district and state wherein the forum resides. The cost of traveling and testifying in Texas for [defendants'] employee witnesses are justified as a cost of doing business in a location where it sells allegedly infringing products. Moreover, the *Volkswagen II* court directed most of its attention at the cost of attendance and inconvenience associated with non-party witnesses who would have had to travel out of the district wherein the automobile accident occurred if the case were not transferred.

*See* 2008 U.S. Dist. LEXIS 23601, *18-19. Similar to the facts of *Aloft Media, LLC*, Zimmer sells the accused products in the E.D. Tex. and, therefore, has availed itself of this forum. As such, the travel costs of Zimmer's employees should not be given substantial weight. *See id.*

While Zimmer identified only four employees that have relevant knowledge of the accused products, there may be many other witnesses that are located in Texas. In fact, the Zimmer employees located at Zimmer's distributorships in the E.D. Tex. undoubtedly have first hand knowledge of the accused products and may be deposed during the course of this litigation.

10

By way of example, at least three Zimmer distributors operate in the E.D. Tex., and each office employs persons, which necessarily includes doctors and salesmen, with first hand knowledge of the accused products. While only certain distributors list contact names, all distributors of the accused products employ persons of knowledge for purposes of this case:

**Mark Phillips**
**Richardson Office**
3301 Matrix Drive, Suite 200
Richardson, TX 75082
Tel: (214) 774-0501
Fax: (214) 774-0511
email: zwilsonphillips.dallas@zimmer.com

**Jason Papes**
**Chris Rottino**
**Zimmer Papes/Rottino**
4120 International Parkway, Suite 1140
Carrollton, TX 75007
Tel: 214-483-9933
Fax: 214-483-9944

**Ft. Worth Office**
3608 West Vickery
Ft. Worth, TX 76107
Phone: (817) 737-3114
Fax: (817) 737-9843
e-mail: zwilsonphillips.fortworth@zimmer.com

**Longview Office**
1628 E. Whaley
Longview, TX 75601
Phone: (903) 753-8586
Fax: (903) 757-9839
e-mail: zwilsonphillips.longview@zimmer.com

While Zimmer has identified four of its employees that are closer to the N.D. Ind. than Texas, this case will involve many witnesses outside of Indiana, including Zimmer current employees and third party ex-employees that reside in Texas. Additionally, both parties will undoubtedly identify independent technology and damages experts. Finally, while the inventor and prosecuting attorney for the patents-in-suit reside closer to Indiana than Texas, this case will certainly involve testimony from more than only these individuals and the four employees identified by Zimmer. As such, this factor weighs against transfer.

    4.    <u>Other Practical Problems That Make Trial Easy, Expeditious, and Inexpensive.</u>

Plaintiff agrees with Defendants that this case is at an early stage, but this factor weighs heavily against transfer due to the E.D. Tex.'s long standing procedure for patent cases. For example, Appendix M of the E.D. Tex. Local Rules, "Rules of Practice for Patent Cases," allows the parties to proceed with this patent infringement suit in a structured manner. Further, the N.D. Ind. has not implemented specific patent rules and has very limited experience with patent law.

11

Indeed, in the one year period ending Sept. 30, 2008, only 30 patent/trademark/copyright cases were filed in the N.D. Ind. as compared to 358 patent/trademark/copyright cases filed in the E.D. Tex. *See* U.S. District Court – Judicial Caseload Profiles for the N.D. Ind. and the E.D. Tex., attached hereto as "Exhibit H" and "Exhibit I." Moreover, three times as many cases go to trial in the E.D. Tex. than in the N.D. Ind. – 45 as compared to 13. *See* Table C-5. U.S. District Courts – Median Time Intervals From Filing to Disposition of Civil Cases, attached hereto as "Exhibit J." Due to the E.D. Tex.'s extensive patent case experience as compared with limited experience in the N.D. Ind., this factor weighs heavily against transfer.

The presence of two other cases on this Court's docket also comes in to play. The presence of the '478 patent in this case and MedIdea's case against Smith & Nephew falls within *Volkswagen III*, 566 F.3d at 1351. Further, Smith & Nephew's case in the E.D. Tex. against a Florida defendant is some indication of Smith & Nephew's lack of Indiana ties. Zimmer bears the burden to show that transfer is clearly more convenient. Zimmer, however, cannot show that transfer to Indiana would result in judicial economy. To the contrary, transfer would result in the multiplication of forums and duplication of judicial effort condemned by Volkswagen III.

**D.     The Public Interest Factors Do Not Establish That The Northern District Of Indiana Is A More Appropriate Venue Than The Eastern District of Texas.**

The public interest factors to be weighed by the Court for analysis of Zimmer's Motion to Transfer include the following: "(1) the administrative difficulties flowing from court congestion, (2) the local interest in having localized interests decided at home, (3) the familiarity of the forum with the law that will govern the case, and (4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law." *In re Volkswagen*, 545 F.3d at 315. As established herein, the public interest factors weigh heavily against transfer.

1. <u>There Are No Administrative Difficulties Flowing From Court Congestion Such That This Case Should Be Transferred.</u>

Zimmer misleads the Court by asserting that the average time to <u>termination on the merits</u> for patent cases is 18.9 months in the N.D. Ind. and 23.5 months in the Marshall Division of the E.D. Tex. *See* Defendants' Motion, p. 10. While Zimmer's statement is accurate according to the LegalMetric exhibits Zimmer submitted to the Court, Zimmer fails to disclose that only one patent case went to trial in the N.D. Ind. and the <u>time from filing to termination by trial</u> was 24.4 months. *See* Defendants' Motion, Ex. J, p. 21.

The statistics listed at <u>www.uscourts.gov</u> provide a proper analysis of court congestion and establish the following for the 12-month period ending Sept. 30, 2008:

- The median time from filing of a civil case to trial in the N.D. Ind. was 29 months verses only 18.5 months in the E.D. Tex.;

- The percentage of civil cases over three years old in the N.D. Ind. was 6.2% verses only 2.9% in the E.D. Tex.;

- The total number of patent/trademark/copyright cases filed in the N.D. Ind. was only 30 as compared to 358 in the E.D. Tex.

*See* Exs. H and I. Clearly, an approximately 11 month difference in time to trial is a significant cost consideration. Further, the N.D. Ind. has more than double the percentage of cases over three years old than does the E.D. Tex. Finally, because the E.D. Tex has vastly more experience in patent matters than the N.D. Ind. (358 verses 30 cases filed), the E.D. Tex. is better suited to adjudicate this matter, and this factor weighs heavily against transfer.

2. <u>Due To Zimmer's Extensive Contacts In This District, This Court Has An Interest in Having Local Interests Decided At Home.</u>

Zimmer asserts that "there is no particular local interest that would be served by having this litigation decided in the E.D. Tex.," and yet Zimmer later states that Zimmer's products are

13

sold in this District. *See* Defendants' Motion, pp. 10-11.  Surely the fact that the accused products are sold in the E.D. Tex. begins the analysis of establishing a local interest.

Notably, due to the number of contacts that Zimmer maintains in the E.D. Tex. and the state of Texas, there is a local interest in having this matter decided by this Court.  By way of example, Zimmer conducts the following business related activities in the E.D. Tex. and the surrounding area:

- Zimmer maintains at least three distributor offices of the accused products in this District.

- Zimmer US, Inc. is registered with the Texas Secretary of State. *See* Ex. E.

- Zimmer operates a biologics research plant in Texas. *See* Ex. B and F.

- Zimmer operates a Wet Lab in Texas. *See* Ex. C.

- Less than five years ago, Zimmer employed 550 people at a manufacturing plant in Texas. *See* Ex. D.

- Zimmer's 2008 Annual Report specifically states that Zimmer conducts research, development and distribution of its products in Texas and leases 97,000 square feet in Texas. *See* Ex. F.

- Zimmer has an extensive list of consultant doctors in Texas, several of which are located in Dallas, Fort Worth, and Addison. *See* Ex. G.

As Zimmer conducts substantial business in Texas, and specifically the E.D. Tex., this Court has a local interest in deciding this matter.  Thus, this factor weighs against transfer.

    3.    <u>The Court's Familiarity with the Controlling Law.</u>

Plaintiff agrees with Zimmer that the District Courts in Texas and Indiana are both capable of applying federal patent law, but the E.D. Tex. has vast patent case experience while the N.D. Ind.'s patent case experience is minimal.  In fact, 358 patent/copyright/trademark cases were filed in the E.D. Tex. during the 12-month period ending Sept. 30, 2008, and only 30 such cases were filed in the N.D. Ind. during the same timeframe. *See* Exs. H and I.  Moreover, the

E.D. Tex. has implemented its own Rules of Practice for Patent Cases. Thus, as the E.D. Tex. is well versed in patent law and has implemented its own patent rules, this forum is better suited than the N.D. Ind. to adjudicate this case and this factor weighs heavily against transfer.

    4.    <u>The Avoidance of Unnecessary Problems of Conflict of Laws.</u>

Courts have held that this factor is inapplicable in patent cases. *See J2 Global Communications, Inc.*, 2008 WL 5378010, 3-7. Thus, the factor is neutral.

## IV.    CONCLUSION

Under the standard announced in *In re Volkswagen*, Zimmer must "clearly demonstrate" that a transfer is for the convenience of parties and witnesses and is in the interest of justice. The cumulative analysis of both the private and public interest factors weigh against transfer and, as such, Defendants have not clearly demonstrated that transfer to the N.D. Ind. is appropriate.

WHEREFORE, Plaintiff MedIdea, LLC, respectfully requests that this Honorable Court deny Defendants' Motion to Transfer Venue.

Dated: December 11, 2009                       Respectfully submitted,

                                                             /s/__S. Calvin Capshaw_____
                                                             S. Calvin Capshaw
                                                             State Bar No. 03873900
                                                             Elizabeth L. DeRieux
                                                             State Bar No. 05770585
                                                             CAPSHAW DeRIEUX, LLP
                                                             1127 Judson Road, Suite 220
                                                             P.O. Box 3999
                                                             Longview, TX  75601-5157
                                                             Tel: (903) 236-9800
                                                             Fax: (903) 236-8787
                                                             Email:  ccapshaw@mailbmc.com
                                                             Email:  ederieux@mailbmc.com

*Additional Attorneys for Plaintiff MedIdea, LLC*
Robert M. Parker
State Bar No. 15498000
Robert Christopher Bunt
State Bar No. 00787165
PARKER, BUNT & AINSWORTH, P.C.
100 E. Ferguson, Suite 1114
Tyler, TX 75702
(903) 531-3535 Telephone
(903) 533-9687 Facsimile
E-mail: rmparker@cox-internet.com
E-mail: cbunt@cox-internet.com

Joseph M. Vanek
IL State Bar No. 6197046
Thomas A. Vickers
IL State Bar No. 6226288
Jeffrey R. Moran
IL State Bar No. 6283573
VANEK, VICKERS & MASINI, P.C.
111 S. Wacker Drive, Suite 4050
Chicago, Illinois 60606
(312) 224-1500 Telephone
(312) 224-1510 Facsimile
E-mail: jvanek@vaneklaw.com
E-mail: tvickers@vaneklaw.com
E-mail: jmoran@vaneklaw.com

Eugene M. Cummings
IL State Bar No. 556394
David M. Mundt
IL State Bar No. 6243545
Martin Goering
IL State Bar No. 6286254
Konrad V. Sherinian
IL State Bar No. 6290749
THE LAW OFFICES OF
EUGENE M. CUMMINGS, P.C.
One North Wacker Drive, Suite 4130
Chicago, Illinois 60606
(312) 984-0144 Telephone
(312) 984-0146 Facsimile
E-mail: ecummings@emcpc.com
E-mail: dmundt@emcpc.com
E-mail: mgoering@emcpc.com
E-mail: ksherinian@emcpc.com

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served on December 11, 2009 with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3). Any other counsel of record will be served by first-class mail on this same date:

/s/ S. Calvin Capshaw
S. Calvin Capshaw