IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| MEDIDEA, LLC ) <br> A Michigan Limited Liability Company ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ZIMMER HOLDINGS, INC.; ) <br> a Delaware Company; ZIMMER, INC; ) <br> a Delaware Company; and ZIMMER US, INC.; ) <br> a Delaware Company ) <br> ) <br> Defendants. ) <br> ) | Case No. 2:09-CV-258 <br><br> TRIAL BY JURY DEMANDED <br><br> Judge T. Ward |

**DEFENDANTS' REPLY IN SUPPORT OF ITS MOTION TO TRANSFER VENUE PURSUANT TO 28 U.S. C. § 1404(a)**

**TABLE OF CONTENTS**

I.  INTRODUCTION..................................................................................................1

II. THIS CASE HAS NO REAL CONNECTION TO THE EASTERN
    DISTRICT OF TEXAS, AND THE NORTHERN DISTRICT OF INDIANA
    DOES....................................................................................................................1

III. ZIMMER'S CONTACTS DO NOT SUPPORT MAINTAINING THIS
     ACTION IN THE EASTERN DISTRICT OF TEXAS .................................................3
     A.  The Texas Facilities MedIdea Identifies Do Not Establish a Local Interest
         in this District........................................................................................................3
     B.  Zimmer's Nationwide Sales And Sales-Related Activities Do Not
         Establish a Local Interest Particular to the Eastern District of Texas......................3

IV. TRANSFERRING THIS CASE TO THE NORTHERN DISTRICT OF
    INDIANA DOES NOT UNDERMINE ANY JUDICIAL EFFICIENCY ....................4

V.  CONCLUSION ...................................................................................................5

## TABLE OF AUTHORITIES

**Cases**

*In re Genentech, Inc.*,
    566 F.3d 1338 (Fed. Cir. 2009) .................................................................................. 4

*In re Hoffmann-La Roche Inc.*,
    ---F.3d---, Misc. No. 911, 2009 WL 4281965 (Fed. Cir. Dec. 2, 2009) ........................ 2, 4

*In re Nintendo Co., Ltd.*,
    ---F.3d---, Misc. No. 914, 2009 WL 4842589 (Fed. Cir. Dec. 17, 2009) ........................... 1

*In re Volkswagen*,
    566 F. 3d 1349 (Fed. Cir. 2009) ................................................................................... 5

*SDMK Corp., v. Creative Labs, Inc.*,
    No. 08-CV-26, slip op. at 2 (E.D. Tex. Dec. 11, 2009) ....................................................... 2

**Rules**

Fed. R. Civ. P. 42(a) ............................................................................................................... 5

**I.      INTRODUCTION**

The only facilities, documents, and people relevant to this Court's transfer analysis are those that have some relevance to this case. As Zimmer demonstrated in its Opening Brief, the bulk of this relevant evidence is located in or around Warsaw, Indiana. Attempting to deal with facts that call for transfer to the Northern District of Indiana, MedIdea speculates that additional witnesses and documents *might be* located in Texas. The only "support" MedIdea offers is facilities, documents, or people in Texas that are: (1) unrelated to this case; (2) located outside the Eastern District of Texas; or (3) duplicative of documents and information that is centrally located in Warsaw, Indiana.

Faced with recent Federal Circuit case law that calls for transfer to the Northern District of Indiana, MedIdea simply ignores it. MedIdea is similarly silent about its own alleged connections to this District. While MedIdea references an unrelated litigation it filed in this Court after the present litigation commenced, it fails to explain what MedIdea documents are located in this District, and what business MedIdea actually conducts in the Eastern District of Texas, likely because all indications are that it conducts no business in this District. For these reasons, set forth in detail below, Zimmer's motion to transfer should be granted.

**II.     THIS CASE HAS NO REAL CONNECTION TO THE EASTERN DISTRICT OF TEXAS, AND THE NORTHERN DISTRICT OF INDIANA DOES**

Contrary to MedIdea's assertion, "the place where the defendant's documents are kept weighs in favor of transfer to that location." *See In re Nintendo Co., Ltd.,* ---F.3d---, Misc. No. 914, 2009 WL 4842589, *4 (Fed. Cir. Dec. 17, 2009) (internal citations omitted). As Zimmer demonstrated in its Opening Brief, Zimmer documents relevant to this litigation are primarily located in Warsaw, Indiana. (*See* Dkt. No. 20 at 3-4). No research or development of the accused products occurred in this District. *See SMDK Corp., v. Creative Labs, Inc.*, No. 08-CV-

1

26, slip op. at 2 (E.D. Tex. Dec. 11, 2009) (transferring case because no "research and development or any other such activity related" to accused products or asserted patents took place in District). MedIdea makes no effort to rebut these facts, nor does it dispute that the work related to obtaining the asserted patents, and any related documents, originated in Michigan, not Texas. While MedIdea states in passing that it maintains documents related to the asserted patents in the Eastern District of Texas, (*see* Dkt. No. 32 at 7), it does not explain what these alleged documents are, nor does it assert that these documents are located in the Eastern District of Texas for any reason other than "to manipulate the propriety of venue." *See In re Hoffmann-La Roche Inc.*,---F.3d---, Misc. No. 911, 2009 WL 4281965, *3 (Fed. Cir. Dec. 2, 2009) (rejecting patentee's argument that it had "Texas" documents for venue purposes when patentee transferred 75,000 pages of documents to its litigation counsel in Texas in anticipation of litigation).

MedIdea's argument that potential witnesses may be located in the Eastern District of Texas is also flawed. Convenience is only relevant for witnesses "identified as having relevant and material information relating to this suit." *See id.* at *3 n.3. But MedIdea identifies no witnesses relating to this action that reside in or near this District. None of the doctors who consulted on the design and development of the accused products reside in the Eastern District of Texas. (*See* Supplemental Declaration of Janet L. Krevolin ("Supp. Krevolin Decl.") at ¶ 15). Former employees at the Centerpulse Orthopedics facility in Austin, which Zimmer acquired and then closed, were not involved with any of the accused products. (*See* Supp. Krevolin Decl. at ¶ 11). As Zimmer stated in its Opening Brief, the people with relevant knowledge about the accused products reside primarily in Warsaw, Indiana. (*See* Dkt. No. 20 at 3-4). People with relevant knowledge about MedIdea's patents and operations reside in Michigan. (*See id.* at 2-3).

Accordingly, this action should be transferred to the venue where the bulk of relevant evidence is located, namely the Northern District of Indiana.

### III. ZIMMER'S CONTACTS DO NOT SUPPORT MAINTAINING THIS ACTION IN THE EASTERN DISTRICT OF TEXAS

#### A. The Texas Facilities MedIdea Identifies Do Not Establish a Local Interest in this District.

MedIdea argues that the existence of three Zimmer facilities in Texas makes the Eastern District of Texas a convenient forum. (*See* Dkt. No. 32 at 14). But none of these facilities are actually located in this District, nor do they have any relevance to this litigation.

The Centerpulse manufacturing facility, now owned by Zimmer, located in the Western District of Texas, and shut down, did not manufacture any of the accused products and has been closed for over four years. (*See* Supp. Krevolin Decl. at ¶ 11). Similarly, Zimmer's Austin-Biologics Research facility, located in the Western District of Texas, conducts research relating to the repair and regeneration of damaged musculoskeletal tissues as an alternative to replacement, and has no involvement with the accused products. (*See id.* at ¶ 10). Lastly, the Wetlab, located in the Northern District of Texas, is not even a Zimmer facility. It is a Texas Health Research & Education Institute that Zimmer occasionally rents for training programs on a variety of its products. (*See id.* at ¶ 12).

#### B. Zimmer's Nationwide Sales And Sales-Related Activities Do Not Establish a Local Interest Particular to the Eastern District of Texas.

In addition to the three facilities discussed above, MedIdea identifies two distributors of Zimmer products in this District, Zimmer Papes/Rottino and Zimmer Wilson-Phillips, that it contends make this venue convenient. Like many of the contacts MedIdea identifies, Zimmer Papes/Rottino is unrelated to this case. It is an independently-owned, third-party distributor of Zimmer's spine-related products, none of which have anything to do with any of the accused

3

products.  (*See* Supp. Krevolin Decl. at ¶ 8).  Zimmer Wilson-Phillips is also an independently-owned, third-party distributor of Zimmer products (not a Zimmer subsidiary as MedIdea incorrectly states).  (*See id.* at ¶ 6).  While Zimmer Wilson-Phillips does sell the accused products in this District, it is no different from other distributors of the accused products located throughout the United States.  (*See id.*).  As the Federal Circuit recently held in *Hoffmann-La Roche*, which MedIdea does not mention once in its brief, "the sale of an accused product offered nation-wide does not give rise to a substantial interest in any single venue."  2009 WL 4281965 at *4 (internal citations omitted).  Any sales documents that Zimmer Wilson-Phillips may have represent a regionally-specific fraction of sales documents related to the accused products.  Similar regionally-specific documents are kept by all distributors of Zimmer products, throughout the United States.  But MedIdea will want information pertaining to Zimmer's sales by all distributors ***everywhere*** in the United States, and Zimmer Wilson-Phillips does not have that information.  That information resides at Zimmer's headquarters in Warsaw, Indiana.  (*See* Supp. Krevolin Decl. at ¶ 7).

**IV.    TRANSFERRING THIS CASE TO THE NORTHERN DISTRICT OF INDIANA DOES NOT UNDERMINE ANY JUDICIAL EFFICIENCY**

MedIdea argues the Eastern District of Texas is better suited to adjudicate this action due to its experience with patent cases, and because the time to trial is shorter in this District.  MedIdea concedes, however, that both Districts are able to adjudicate this action.  (*See* Dkt. No. 32 at 12, 13).  As the Federal Circuit held in *In re Genentech, Inc.*, basing a denial of transfer on shorter disposition time or experience with patent cases is improper.  566 F.3d 1338, 1347 (Fed. Cir. 2009) (rejecting district court's analysis that it was better suited to handle action based on shorter disposition time).

4

MedIdea also argues that its recently filed action against Smith & Nephew somehow makes it more efficient to keep this case in this District. Relying on *In re Volkswagen,* 566 F. 3d 1349 (Fed. Cir. 2009), MedIdea implicitly suggests that if transfer is denied, this case will be consolidated with *MedIdea LLC v. Smith & Nephew*, 2:07-cv-335. *In re Volkswagen* involved three district court actions, including a later-filed declaratory judgment, all of which involved the same patent and same parties. *Id*. at 1351. In contrast, this litigation and the Smith & Nephew litigation, both of which were voluntarily filed in this District by MedIdea, involve a total of eighteen patents, with only one patent in common, and different defendants. Such circumstances do not create the "significant overlap of issues" or duplicative litigation contemplated by *In re Volkswagen* and Fed. R. Civ. P. 42(a). MedIdea's decision to sue an unrelated party in this District does not support keeping this case here.

### V.    CONCLUSION

For the foregoing reasons, this Court should grant Zimmer's motion and transfer this action to the Northern District of Indiana.

### ORAL HEARING REQUESTED

Zimmer respectfully requests an oral hearing at the Court's convenience to present the different issues relating to Zimmer's motion to transfer.

Date:   December 22, 2009        Respectfully submitted,

     */s/ Michael E. Jones*
Michael E. Jones
SBN: 10929400
POTTER MINTON PC
110 N. College
Suite 500
P.O. Box 359
Tyler, TX 75710-0359
Telephone: (930) 597-8311
Facsimile: (903) 593-0846
Email: mikejones@potterminton.com

*OF COUNSEL*

Bryan S. Hales, P.C.
Eric D. Hayes
Adam R. Brausa
Ferlillia V. Roberson
Kirkland & Ellis LLP
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:  (312) 862-2000
Facsimile:  (312) 862-2200
Email: byan.hales@kirkland.com
Email: eric.hayes@kirkland.com
Email: adam.brausa@kirkland.com
Email: ferlillia.roberson@kirkland.com

*Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of the foregoing document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on December 22, 2009. Any other counsel of record will be served by First Class Mail on this same date.

*/s/ Michael E. Jones*
Michael E. Jones