**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| MEDIDEA, LLC<br>a Michigan Limited Liability Company<br><br><br>Plaintiff,<br><br>v.<br><br>ZIMMER HOLDINGS, INC.;<br>a Delaware Company; ZIMMER, INC.;<br>a Delaware Company; and ZIMMER US,<br>INC.; a Delaware Company<br><br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No.    2:09-CV-258<br><br>TRIAL BY JURY DEMANDED<br><br>Judge T. Ward |

**MEDIDEA, LLC'S SUR-REPLY IN OPPOSITION
TO DEFENDANTS' MOTION TO TRANSFER VENUE**

Defendants fail to rebut MedIdea, LLC's ("MedIdea") showing that Defendants have relevant contacts with this District. Defendants fail to address the fact that Zimmer US, Inc. is registered to do business in Texas. *See* Plaintiff's Response, Ex. E. Defendants admit that Zimmer Wilson-Phillips sells the accused products in the E.D. of Tex. and that documents related to Defendants' sales are located in this District. *See* Defendants' Reply, pp. 1, 4.

Further, Plaintiff has found that Zimmer paid Texas resident Dr. Philip C. Noble, a Zimmer hip and knee consultant, nearly $4 million in 2008.[1] Dr. Philip Noble receives royalty payments from Zimmer and one of his papers is cited in the references for a white paper on Zimmer's Kinectiv impingement hip, which regards two of the patents-in-suit. *See* Performance Evaluation of Kinectiv Technology, attached hereto as "Exhibit A", p. 6, ref. 2. Also, as advertised on Zimmer's web site, Texas resident Dr. Robert L. Dickey has been trained in joint/procedure specialties, including Gender Hip, which relates to the patents-in-suit. *See* Zimmer Doctor's Profile of Dickey. M.D., attached hereto as "Exhibit B." Thus, Defendants' continued position that there are no relevant contacts in Texas or this District is simply incorrect.

Moreover, Defendants' Motion was brought prior to Initial Disclosures and the exchange of documents. Once discovery is underway, Plaintiff will establish that Zimmer has had a long-standing presence in Longview. In fact, upon information and belief, Defendants have supplied residents of this District with trauma and joint products for 25 years through Good Shepherd Medical Center. Zimmer has also supplied products to East Texas Medical Center in Tyler.

Defendants' burden was to demonstrate that the Northern District of Indiana is a clearly more convenient venue than the Eastern District of Texas for all parties and the witnesses. *See In re* TS *Tech United States Corp.*, 551 F.3d 1315, 1320 (Fed. Cir. 2008), citing *In re Volkswagen*

---

[1] *See* Zimmer's "disclosure of hip and knee consultants and payments made to them", found at the following web address which is copy and print restricted: http://www.zimmer.com/web/enUS/pdf/Company_Consultants_033109.pdf.

*of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008); *see also* 28 U.S.C. § 1404(a).  Failing to satisfy

their burden, Defendants merely show that it would be more convenient for Defendants to

litigate near the location of their headquarters and, therefore, transfer should be denied.

## I.    ZIMMER HAS NUMEROUS CONTACTS WITH TEXAS

Zimmer inappropriately relies on *In re Nintendo Co., Ltd.* for the position that "the place

where the defendant's documents are kept weighs in favor of transfer to that location." 2009 U.S.

App. LEXIS 27647, 2-3 (Fed. Cir. Dec. 17, 2009).  This citation is taken wholly out of context as

the Court also wrote, "Nintendo further noted that none of the parties were incorporated in Texas

or had offices in Texas, no witnesses resided in Texas, and no evidence was located in Texas."

Defendants also inaccurately cite an Order in *SMDK Corp. v. Creative Labs, Inc.*, No. 08-CV-26,

slip op. at 2 (E.D. Tex. Dec. 11, 2009), by failing to address the Court's statement, "Plaintiff has

not shown that any witnesses are located in the Eastern District of Texas."  Both decisions were

based on more than one factor and, yet, Defendants cited only that which serves their position.

Inapposite to the facts of *In re Nintendo* and *SMDK Corp.*, in this case, Defendants have

numerous contacts with the state of Texas and, more specifically, the Eastern District of Texas:

- Zimmer US, Inc. is registered with the Texas Secretary of State. Plaintiff's Response, Ex. E.

- Defendants maintain distributor offices that sell the accused products in this District. *See* Defendants' Reply, p. 3.

- Defendants retain consultant doctors in Texas that are referenced in a white paper for one of the accused products and/or are trained in regard to the accused products. *See* Exs. A & B.

- Defendants admit sales documentation is located in Texas. *See* Defendants' Reply, p. 1.

- A Wetlab located in Texas, described by Zimmer as a Health Research & Education Institute, is used by Zimmer for training programs regarding Zimmer products.[2]

- Zimmer's distributor locations in the E.D. Tex., and across the state of Texas, necessarily retain the services of in-house and/or consultant doctors that must be knowledgeable of Zimmer products. *See* Plaintiff's Response, p. 3.

---

[2] Zimmer does not deny the Wetlab is used for training programs for the accused products. *See* Zimmer Reply, p. 3.

- Zimmer has an extensive list of consultant doctors in Texas, several of which are located in Dallas, Fort Worth, and Addison, Texas. *See* Plaintiff's Response, p. 4, Ex. G.

Zimmer's substantial contacts with Texas and this District differentiate this matter from *In re Nintendo* and *SMDK Corp.* and, therefore, this case should not be transferred.

## II. POTENTIAL WITNESSES AND DEFENDANTS' DOCUMENTS ARE LOCATED IN THIS DISTRICT

As recently held by the Federal Circuit in *In re VTech Communications, Inc.*, "[i]n *Genentech*, … there was absolutely no relevant connection between the case and the Eastern District of Texas.  In this case, on the other hand, the district court explained that there was at least one identified non-party witness who was a resident of the Eastern District of Texas." *See In re VTech Communications, Inc.*, ---F.3d.---, Misc. No. 909, *4 (Fed. Cir. Jan. 6, 2010), attached hereto as "Exhibit C."  Further, the Court acknowledged that the district court found that defendant's Texas distribution facility "may likely contain relevant documents regarding the marketing of the accused products…" *See id.* at 4-5.  Thus, while other factors were also analyzed by the federal circuit in denying mandamus relief, one non-party witness and defendant documentation in this District was cited as relevant over the *Genentech* decision.

In this case, Plaintiff has identified a number of potential witnesses in Texas and, more specifically, within the Eastern District of Texas.  In Defendants' Reply, Zimmer admitted that Zimmer Wilson-Phillips distributes the accused products and, therefore, not only are marketing documents for the accused products located in this District, but Mark Phillips of the Richardson Office, located in the Eastern District of Texas, is a potential witness. *See* Plaintiff's Response, p. 11; Defendants' Reply, p. 4.  What's more, Zimmer Wilson-Phillips' recently-updated website identifies *nine* employees in *Longview, Texas. See* "Zimmer Distributor Home", attached hereto as "Exhibit D."  Indeed, every witness and potential document source identified on that website

is in and around the Eastern District, with 110 employees across Texas, and the remaining 9 located in nearby Shreveport, Louisiana. *See Id.* Further, as stated in Plaintiff's Response, Zimmer has an extensive list of consultant doctors in Texas, all of which are potential witnesses, and several of which are located in Dallas, Fort Worth, and Addison. *See* Response, p. 14, Ex. G.

Moreover, Texas resident Dr. Philip Noble received nearly $4 million from Zimmer in 2008 and receives royalty payments from Zimmer. *See* Page 1, fn. 1. One of Dr. Noble's papers is cited in a white paper on the Kinectiv impingement hip, which regards two of the patents-in-suit. *See* Ex. A, p. 6, ref. 2. Also, according to www.Zimmer.com, Texas resident Dr. Robert Dickey has been trained in joint/procedure specialties, including Gender Hip, which relates to the patents-in-suit. *See* Ex. B. Also, Dr. George Hilliard (retired) of Good Shepherd Medical Center in Longview, worked with Zimmer products for nearly 25 years. Thus, Drs. Noble and Dickey have relevant knowledge of the accused products and are potential witnesses in this District.

As held by the Federal Circuit in *In re VTech Communs.*, the existence of **one** potential witness and marketing documentation in this District supports a basis for denying transfer. Here, not only have Defendants admitted that documentation is located at the Zimmer distributorships in this District, but there are also **numerous** potential witnesses in Texas and this District.

### III.    THIS DISTRICT IS BEST SUITED TO AJUDICATE THIS MATTER

Plaintiff previously argued that unlike the N.D. of Ind., the E.D. of Tex. has implemented its own Rules of Practice for Patent Cases. *See* Plaintiff's Response, pp. 11, 15. Further, only 30 patent/trademark/copyright cases were filed in the N.D. of Ind. as compared to 358 in the Eastern District of Texas. *See* Plaintiff's Response, p. 11-12, Exs. H & I. In response, Defendants inaccurately state that the Federal Circuit held in *In re Genentech,* that basing a denial of transfer on shorter disposition time or experience with patent cases is improper. 566 F. 3d 1338 (Fed. Cir.

2009); *see also* Defendants' Reply, p. 4.  Again, Defendants have taken great liberty with their

interpretation of the Court's decision.  The Court actually found as follows:

> We do not disturb the district court's suggestion that it could dispose of the case more
> quickly than if the case was transferred to the Northern District of California. … Without
> attempting to predict how this case would be resolved and which court might resolve it
> more quickly, we merely note that when, as here, several relevant factors weigh in favor
> of transfer and others are neutral, then the speed of the transferee district court should not
> alone outweigh all of those other factors. *See id.* at 1347.

Thus, the Court held that speed to trial did not outweigh other factors. *See Id.*  Unlike *Genentech*,

in this case, many factors weigh against transfer and, therefore, the fact that this District is better

suited to adjudicate patent cases and is quicker to trial is significant to the transfer analysis.

## IV.    CONGRESS HAS REJECTED DEFERENCE TO DEFENDANTS

Zimmer's aggressive application of §1404(a) to the facts of this case is also directly

contrary to a clear and direct act of Congress.  The history of Congressional action regarding

patent venue is set out in *VE Holding Corp. v. Johnson Gas Appliance Co.*, 917 F.2d 1574

(Fed.Cir.1990), *cert. denied*, 499 U.S. 922 (1991).  As explained by *VE Holding Corp*:

The patent venue statute, 28 U.S.C. § 1400(b), dates back to 1897 and provides that suit

may be brought: (a) where the defendant resides; or (b) where there is infringement *and* the

defendant has a "regular and established place of business." *Id.* at 1576-77.  In the 1940's and

50's, the Supreme Court took a restrictive view of the patent venue statute, holding that Congress

intended to narrow patent venue by separating it from general venue provisions.  Further,

"residence," as used in the patent venue statute, was held to mean state of incorporation, and

only state of incorporation.  As the general venue statute became less restrictive over the years,

patent venue remained a "frozen anomaly."   In the 1970's and 80's there were calls to abolish

the patent venue statute and to further liberalize general venue.  In 1988, Congress broadened the

general venue statute, 28 U.S.C. § 1391(c), making corporate residence coextensive with

personal jurisdiction.  Congress did not change the wording of § 1400(b), but the general venue statute's new definition of corporate residence was prefaced by the phrase "for purposes of venue *under this chapter...*" [emphasis added].  Thus, the new definition of corporate residence applies to both the patent venue statute, § 1400(b), and the convenience transfer statute, § 1404(a).

Congressional intent was plain.  Venue was *expanded* and the ancient regime of deference to the defendant's location was rejected.  Defendants' argument for transfer ignores the fact that Congress made corporate residence coextensive with personal jurisdiction and, therefore, each Zimmer Defendant has a corporate residence in the Eastern District of Texas.  The 1988 Act had revolutionary impact.  While the Court analyzes the convenience factors under § 1404(a), the Court must now also bear in mind that "convenience" should be viewed in light of Congressional intent to expand corporate venue.   Congress did not intend to give with one hand and take with another, which is what Zimmer invites the Court to do.  Defendants' all have corporate residences in the Eastern District of Texas because §1400(b), as well as §1404(a), falls "under this chapter" and is within the language of 28 U.S.C. § 1391(c), making corporate residence coextensive with personal jurisdiction.   No court may rightfully be said to have abused its discretion by following Congressional intent.

## V.    CONCLUSION

In the cases Zimmer relies on, there was *no* connection to the Eastern District of Texas.  MedIdea has named Eastern District of Texas witnesses, has identified Zimmer offices in the Eastern District, and has identified witnesses, documents and facilities in Texas.  Congress has spoken.  This case should stay.[3]

---

[3] Plaintiff opposes transfer, but in the event this Court grants Defendants' Motion, the only possible transferee venue is the Eastern District of Michigan as Plaintiff is not subject to either specific or general jurisdiction in the Northern District of Indiana.  Defendants have previously stated, "Zimmer is also amenable to transfer to the Eastern District of Michigan." *See* Defendants' Motion, p. 1.

Dated: January 8, 2010                         Respectfully submitted,

                                               /s/ D. Jeffrey Rambin
                                               S. Calvin Capshaw
                                               State Bar No. 03873900
                                               Elizabeth L. DeRieux
                                               State Bar No. 05770585
                                               D. Jeffrey Rambin
                                               State Bar No. 00791478
                                               CAPSHAW DeRIEUX, LLP
                                               1127 Judson Road, Suite 220
                                               P.O. Box 3999
                                               Longview, TX 75601-5157
                                               Tel: (903) 236-9800
                                               Fax: (903) 236-8787
                                               Email: ccapshaw@mailbmc.com
                                               Email: ederieux@mailbmc.com
                                               Email: jrambin@capshawlaw.com

OF COUNSEL:
Robert M. Parker
State Bar No. 15498000
Robert Christopher Bunt
State Bar No. 00787165
PARKER, BUNT & AINSWORTH, P.C.
100 E. Ferguson, Suite 1114
Tyler, TX 75702
(903) 531-3535 Telephone
(903) 533-9687 Facsimile
E-mail: rmparker@cox-internet.com
E-mail: cbunt@cox-internet.com

Joseph M. Vanek
IL State Bar No. 6197046
Thomas A. Vickers
IL State Bar No. 6226288
Jeffrey R. Moran
IL State Bar No. 6283573
VANEK, VICKERS & MASINI, P.C.
111 S. Wacker Drive, Suite 4050
Chicago, Illinois 60606
(312) 224-1500 Telephone
(312) 224-1510 Facsimile
E-mail: jvanek@vaneklaw.com
E-mail: tvickers@vaneklaw.com
E-mail: jmoran@vaneklaw.com

Eugene M. Cummings
IL State Bar No. 556394
David M. Mundt
IL State Bar No. 6243545
Martin Goering
IL State Bar No. 6286254
Konrad V. Sherinian
IL State Bar No. 6290749
THE LAW OFFICES OF
EUGENE M. CUMMINGS, P.C.
One North Wacker Drive, Suite 4130
Chicago, Illinois  60606
(312) 984-0144 Telephone
(312) 984-0146 Facsimile
E-mail: ecummings@emcpc.com
E-mail: dmundt@emcpc.com
E-mail: mgoering@emcpc.com
E-mail: ksherinian@emcpc.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served on the 8th day of January 2010 with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3). Any other counsel of record will be served by first-class mail on this same date:

/s/ D. Jeffrey Rambin
D. Jeffrey Rambin