**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| MEDIDEA, LLC ) <br> A Michigan Limited Liability Company ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ZIMMER HOLDINGS, INC.; ) <br> a Delaware Company; ZIMMER, INC; ) <br> a Delaware Company; and ZIMMER US, INC.; ) <br> a Delaware Company ) <br> ) <br> Defendants. ) <br> ) | Case No. 2:09-CV-258 <br><br> TRIAL BY JURY DEMANDED <br><br> Judge T. Ward |

**DEFENDANTS' SUR-SURREPLY IN SUPPORT OF ITS MOTION TO TRANSFER VENUE PURSUANT TO 28 U.S. C. § 1404(a)**

I. **INTRODUCTION**

MedIdea cites the recently published *In re VTech* case to argue that a single potential third-party witness in the District is enough to deny transfer. But MedIdea omitted that the Court denied the transfer motion because the transfer would have been on the eve of trial. Undeterred by this significant distinction, MedIdea picks up where it left off in its Response, and names additional Zimmer contacts that are irrelevant to this case and located outside of this District.

II. ***IN RE VTECH* DOES NOT SUPPORT MEDIDEA'S POSITION THAT A SINGLE RELEVANT WITNESS IN THIS DISTRICT IS SUFFICIENT TO DENY TRANSFER.**

MedIdea asserts that *In re VTech Commc'ns, Inc.*,---F.3d.---, Misc. No. 909, 2010 WL 46332, *1 (Fed. Cir. Jan. 6, 2010), which was published after Zimmer's reply, held that transfer is not warranted when a single potential witness resides in the District. (*See* Dkt. No. 37 at 3-4). That is incorrect. Judge Folsom denied the transfer motion because jury selection was just over one month away, and the court "had completed claim construction and reached an advanced stage of discovery." *See Motorola, Inc. v. VTech Commc'ns, Inc.*, No. 07-CV-171, Dkt. No. 192; *VTech*, 2010 WL 46332 at *1. *In re VTech* is inapposite to this case, which has no scheduling order in place and none of the efficiency concerns that were at issue in *In re VTech*.

Moreover, with respect to the single third-party witness in *In re VTech*, because more witnesses were closer to the transferee venue, Judge Folsom actually concluded that this factor weighed ***in favor*** of transfer. *See Motorola*, slip op. at 9 (E.D. Tex. Aug. 3, 2009). In this case, to the extent there are third party witnesses that have information relevant to the Accused Products, they reside close to where the Accused Products were designed, developed, and manufactured and which has already been established to be far from this District.

III. **MEDIDEA CONTINUES TO POINT TO ALLEGED CONTACTS THAT ARE IRRELEVANT TO THE ACCUSED PRODUCTS AND OUTSIDE THIS DISTRICT.**

MedIdea again points to individuals with *any* relationship to Zimmer, located *anywhere* in Texas, with no regard to any legally-relevant connection, namely one in this District and relevant to this dispute.

Drs. Noble, Dickey, and Hilliard never consulted with Zimmer on the design and development of any of the accused products. (*See* Second Supplemental Declaration of Janet L. Krevolin ("Sec. Supp. Krevolin Decl.") at ¶¶ 7, 12 ,13). Drs. Noble and Dickey are not even located in this District. (*See id*. at ¶¶ 7, 12). Moreover, none of these doctors are any more relevant to this case than the countless surgeons across the United States that use Zimmer products, including many surgeons in Indiana. (*See id.* at ¶¶ 12, 13).

In 1995, Dr. Noble wrote a paper that relates to the aging of the hip bone. (*See* Ex. A). The accused hip product is not mentioned in it, which is not surprising, because the article was published over 10 years before the accused hip product was ever sold. (*See* Sec. Supp. Krevolin Decl. at ¶ 10). MedIdea argues that there is a connection because Dr. Noble's paper is referenced in a Zimmer article. (Dkt. No. 37, Ex. A at n.2). Notably, Steven Meulink authored this Zimmer article. Zimmer identified Mr. Meulink as a person with knowledge relevant to the accused hip product, and he is located in Warsaw, Indiana, where this case should be transferred.[1] (*See* Dkt. No. 20 at 3-4).

IV.    CONCLUSION

MedIdea's Surreply focuses almost entirely on one factor of the transfer analysis. While the discussion above illustrates why this factor does not weigh in favor of transfer, Zimmer has previously shown that when **all** of the factors are considered, transfer is appropriate.

---

[1] MedIdea's contention that transfer is only permissible to the Eastern District of Michigan is counter to the law. (*See* Dkt. No. 37 at 6, n.3). Whether venue is proper rests solely on whether the defendants, not the plaintiff, are subject to personal jurisdiction therein. *See In re Volkswagen*, 545 F.3d 304, 312-13 (5th Cir. 2008).

2

Date:  January 13, 2010             Respectfully submitted,

                                    */s/ Adam R. Brausa, with permission by*
                                    *Michael E. Jones*
                                    Michael E. Jones
                                    SBN: 10929400
                                    POTTER MINTON PC
                                    110 N. College
                                    Suite 500
                                    P.O. Box 359
                                    Tyler, TX 75710-0359
                                    Telephone: (930) 597-8311
                                    Facsimile: (903) 593-0846
                                    Email: mikejones@potterminton.com

*OF COUNSEL*

Bryan S. Hales, P.C.
Eric D. Hayes
Adam R. Brausa
Ferlillia V. Roberson
Kirkland & Ellis LLP
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:  (312) 862-2000
Facsimile:  (312) 862-2200
Email: byan.hales@kirkland.com
Email: eric.hayes@kirkland.com
Email: adam.brausa@kirkland.com
Email: ferlillia.roberson@kirkland.com

                    *Attorneys for Defendants*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of the foregoing document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on January 13, 2009.  Any other counsel of record will be served by First Class Mail on this same date.

                                    */s/ Michael E. Jones*
                                    Michael E. Jones